IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

RAYCHELLE FREEMAN, BOBBY
DEAN, SR. and ANTHONY BOND,
individually and on behalf of those
similarly situated,

                      Plaintiffs,                      OPINION & ORDER

    v.                                                      12-cv-461-wmc

TOTAL SECURITY MANAGEMENT –
WISCONSIN, LLC, TOTAL SECURITY
MANAGEMENT – ILLINOIS 1, LLC,
TOTAL SECURITY MANAGEMENT –
INDIANA, LLC, TOTAL SECURITY
MANAGEMENT – ARIZONA, LLC, TOTAL
SECURITY MANAGEMENT – MISSOURI,
LLC and TOTAL SECURITY MANAGEMENT, INC.,

                      Defendants.
_____

      In this putative class and collective action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 *et seq.*, and state law, plaintiffs Raychelle Freeman, Bobby Dean, Sr. and Anthony Bond allege that defendants (collectively, "TSM") maintained improper pay policies, requiring that they attend job-related training sessions and arrive at their posts 15 minutes before the start of their shifts without compensation. The parties have jointly moved for preliminary approval of their proposed settlement agreement, filed with the court on April 4, 2014. (Dkt. #241.) For purposes of settlement, they also ask the court to certify two classes of TSM protection officers under Federal Rule of Civil Procedure 23. (Dkt. #242.)

      In a telephonic conference with the parties on April 18, 2014, the court raised several minor concerns it had with the parties' proposed settlement, which the parties were able to

address during the conference itself. Subject to the modifications identified during that conference, therefore, the court will grant plaintiffs' unopposed motion for preliminary approval of a class action settlement. As part of this order, the court also sets a fairness hearing for September 26, 2014.

**I.   Overview of Claims and Procedural History**

Plaintiff Raychelle Freeman originally filed this action against Total Security Management – Wisconsin, LLC and Total Security Management, Inc. in June of 2012, alleging that TSM had violated the FLSA and Wisconsin state law by requiring that its protection officers attend mandatory, company-sponsored trainings without pay, as well as perform uncompensated work before the beginning of their shifts. Subsequent amended complaints also alleged mandatory training claims on behalf of protection officers in Illinois and Indiana, whose interests were represented by named plaintiff Bobby Dean, Sr. and named plaintiff Anthony Bond, respectively.

In November of 2012, plaintiffs moved for conditional certification of two classes under the FLSA. The court granted in part and modified in part that motion, conditionally certifying: (1) a nationwide class of TSM employees who were allegedly not compensated for attending trainings directly related to their jobs; (2) a Wisconsin class of TSM employees allegedly not compensated for attending mandatory trainings on the use of work equipment; and (3) a Wisconsin class of employees who were not compensated for mandatory, pre-shift work. (*See* Aug. 9, 2013 Order & Opinion (dkt. #129) 19-20.)

Following plaintiffs filing an initial motion for conditional class certification, the parties have engaged in classwide discovery, including the production and review of tens of

thousands of pages of documentary evidence and more than twenty depositions. (William E. Parsons Decl. (dkt. #244) ¶ 2.) The parties have also exchanged data regarding the dates on which TSM protection officers in the relevant states attended trainings. (*Id.* at ¶ 3.)

Plaintiffs have since moved to certify sub-classes of protection officers in Wisconsin, Illinois and Indiana pursuant to Rule 23. (Dkt. #86.) While that motion was pending, the parties filed cross-motions for summary judgment. In addition, defendants also filed a motion to decertify. Before briefing was complete on those motions, the parties requested that the court stay all deadlines pending settlement. (*See* dkt. #235.)

**II. Settlement Overview**

For settlement purposes, plaintiffs seek to certify the following classes pursuant to Rule 23:

> All persons who have been or are employed by Total Security Management, Inc. in Wisconsin as Protection Officers and who attended uncompensated, company-sponsored trainings during the period from June 28, 2010 to February 11, 2014.
>
> All persons who have been or are employed by Total Security Management, Inc. in Illinois as Protection Officers and who attended uncompensated, company-sponsored trainings during the period from June 28, 2010 to February 11, 2014.

(Stipulation Class Certification (dkt. #242) ¶ 2.)

The settlement agreement provides for a settlement fund totaling $150,000 in exchange for release of "all of the claims of the Settlement Class Representatives and the Settlement Class during the Settlement Class Period for all allegedly due unpaid wages, and all related damages, including but not limited to all alleged penalties, and all other related wage claims, including the failure to pay for all time spent in training, and/or allegedly

3

worked pre-shift and/or post-shift; and all alleged wage claims and/or related demands, rights, liabilities, and causes of action under federal, state and common law[.]" (Br. Supp. Ex. A (dkt. #243-1) 7-8.)

The settlement fund proceeds currently permit payment of 95% of back wages allegedly owed for attendance at baton use, pepper spray and handcuffing trainings, assuming no reduction in the parties' request for fees and costs and 100% participation in the settlement. The settlement agreement proposes to make awards by determining the number of unpaid handcuffing, pepper spray and baton use trainings each participating settlement class member attended during the relevant time period.[1] Using an average of 4.5 hours worked for each training attended, the total hours spent in unpaid trainings will be multiplied by the actual hourly rate for each individual, with an additional 25% of claim value added to the settlement amount as liquidated damages for FLSA opt-in participants. The total dollar amount for each settlement class member will then be used to determine his or her pro rata percentage of the settlement; that percentage will be multiplied by the settlement fund less $500 enhancement payments to the class representatives and attorney's fees and costs.

If any settlement checks are returned as undeliverable within 180 days of issuance, class counsel will attempt to locate the person. Any checks that remain undeliverable or are not cashed after 180 days will be paid out with 75% of funds going to the University of Wisconsin Law School's Economic Justice Institute and 25% of funds going to the Wounded Warrior Project.

---

[1] The parties indicated at the telephonic conference that the settlement provides compensation for uncompensated training only because it became apparent during discovery that the pre- and post-shift work claims were not factually viable.

4

As part of the settlement, protection officers who worked for TSM in Indiana, Missouri or Arizona but have not opted into the FLSA action are being given another opportunity to opt into the FLSA settlement.

Finally, defendants have the right to void the Settlement Agreement if 10% or more of the members of the Rule 23 class[2] exclude themselves from the settlement, or 10% or more of the opted-in FLSA plaintiffs exclude themselves from the settlement. The parties will then enter into new, good-faith negotiations regarding possible settlement before resuming litigation.

### III.  Preliminary Settlement Approval

Based upon the court's review of the parties' joint motion for preliminary approval of the settlement agreement (dkt. #241), as well as all corresponding exhibits and papers submitted in connection with the motion, the court concludes preliminarily that the proposed settlement "is within the range of possible approval." *Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998). First, the court finds that the proposed settlement appears to be the result of extensive arm's-length negotiations. Second, the court is satisfied that the settlement is facially reasonable. Still, the court intends to scrutinize the final terms of settlement, including plaintiff counsel's application for attorneys' fees, when the time comes for formal approval of the settlement. Specifically, the court may use the contingency agreement between plaintiffs and plaintiffs' counsel as a factor in determining

---

[2] The court understands the Rule 23 classes to include only those protection officers employed in Wisconsin or Illinois. To the extent the definition of "settlement class" also provides that all individuals who have affirmatively consented to join this action are part of a Rule 23 class, the court does not understand that to be the case.

an appropriate fee award. The parties also ask the court to approve their calculation of settlement amounts as to form. (Dkt. #243-1, exs. 1, 2.). Assuming they followed the methodology they proposed, it would seem accurate. Unless provided more detail than a list of people and dollar amounts, however, the court can do no more than a cursory review at this stage.

**IV. Rule 23 Certification (dkt. #242)**

  **A. Wisconsin Class**

For settlement purposes only, the court will also certify the following class pursuant to Fed. R. Civ. P. 23(e):

> All persons who have been or are employed by Total Security Management, Inc. in Wisconsin as Protection Officers, and who attended uncompensated company sponsored trainings during the period from June 28, 2010 to February 11, 2014.

This class meets all the requirements of Fed. R. Civ. P. 23(a) because:

(1) based on information provided to date, TSM employs 52 protection officers in the State of Wisconsin (Parsons Decl. ¶ 14), and it would be impracticable to join that many individual plaintiffs;

(2) the class members' claims share common issues of law and fact, such as whether TSM maintained a common policy of requiring its employees to attend uncompensated training sessions involving work equipment;

(3) named plaintiff Raychelle Freeman's claim arises from the same factual and legal circumstances as other class members';

(4) class counsel are qualified and able to conduct this litigation and have extensive experience in complex wage and hour class actions, including some before this court; and

(5) Freeman's interests are not antagonistic to those of other class members.

This Wisconsin class also satisfies Fed. R. Civ. P. 23(b)(3) for purposes of settlement because common factual allegations and a common legal theory predominate over any factual or legal variations among class members. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually.

### B. Illinois Class

For settlement purposes only, the court will certify the following class pursuant to Fed. R. Civ. P. 23(e):

> All persons who have been or are employed by Total Security Management, Inc. in Illinois as Protection Officers, and who attended uncompensated company sponsored trainings during the period from June 28, 2010 to February 11, 2014.

This class meets all the requirements of Fed. R. Civ. P. 23(a) because:

(1) based on information provided to date, TSM employs 164 protection officers in the State of Illinois (Parsons Decl. ¶ 14), and it would be impracticable to join that many individual plaintiffs;

(2) the class members' claims share common issues of law and fact, such as whether TSM maintained a common policy of requiring its employees to attend uncompensated training sessions involving work equipment;

7

> (3) named plaintiff Bobby Dean, Sr.'s claim arises from the same factual and legal circumstances as other class members';
>
> (4) class counsel are qualified and able to conduct this litigation and have extensive experience in complex wage and hour class actions, including some before this court; and
>
> (5) Dean's interests are not antagonistic to those of other class members.

The Illinois class satisfies Fed. R. Civ. P. 23(b)(3) for purposes of settlement because common factual allegations and a common legal theory predominate over any factual or legal variations among class members. Class adjudication of this case is also superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually.

## V. Appointment of Class Counsel and Class Representatives

The court finds that class counsel is qualified experienced in this type of litigation, and did substantial work identifying, investigating, prosecuting and settling class members' claims. The work that class counsel performed in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

## VI. Class Notice and Settlement Procedure

Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when

and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).  The Notices satisfy each of these requirements and adequately put the Rule 23 class members on notice of the proposed settlement.

## ORDER

IT IS HEREBY ORDERED that:

1. Preliminary approval of the settlement is GRANTED.  This approval is, however, subject to modifications to the Settlement Agreement clarifying that only plaintiffs opting into the FLSA action release their FLSA claims, as identified by the court during the telephonic status conference on April 18, 2014.

2. The court appoints Hawks Quindel, S.C. as class counsel, finding all of the requirements of Fed. R. Civ. P. 23(g) met.

3. The court appoints plaintiff Raychelle Freeman as class representative of the Wisconsin class and plaintiff Bobby Dean, Sr. as class representative of the Illinois class.

4. The court APPROVES the Proposed Settlement Notices (dkt. #243-1, Exs. 3, 4). The court further directs counsel to ensure the distribution of the Notices, consistent with the Settlement Agreement.[3]

5. The court APPROVES the following settlement procedure and timeline:

---

[3] The wording in the Notices as to the certified classes is slightly different than what the court actually certified.  (Dkt. #242.)  Counsel should take care to ensure specifically that the Notices conform to the court's order.

    a. No later than June 20, 2014, class counsel shall arrange for the mailing of the notices to the class members.

    b. The notices shall provide that class members will have until August 25, 2014, to submit claim forms, exclude themselves from the settlement or otherwise object.

    c. The court will hold a fairness hearing on September 26, 2014, at 1:00 p.m.

6. Finally, the court approves the appointment of Hawks Quindel, S.C. as settlement administrator.

7. The parties' motion for hearing (dkt. #258) is DENIED as moot.

    Entered this 5th day of June, 2014.

                      BY THE COURT:

                      /s/
                      _____
                      WILLIAM M. CONLEY
                      District Judge