IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYCHELLE FREEMAN, BOBBY
DEAN, SR. and ANTHONY BOND,
individually and on behalf of those
similarly situated,

                Plaintiffs,

v.

TOTAL SECURITY MANAGEMENT –
WISCONSIN, LLC, TOTAL SECURITY
MANAGEMENT – ILLINOIS 1, LLC,
TOTAL SECURITY MANAGEMENT –
INDIANA, LLC, TOTAL SECURITY
MANAGEMENT – ARIZONA, LLC, TOTAL
SECURITY MANAGEMENT – MISSOURI,
LLC and TOTAL SECURITY MANAGEMENT, INC.,

                Defendants.

OPINION & ORDER

12-cv-461-wmc

---

Pursuant to an unopposed motion, the parties seek final approval of their settlement of this action, which alleged wage and hour violations premised on uncompensated training time: (1) as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"); and (2) as class actions pursuant to Federal Rule of Civil Procedure 23 under the wage and hour laws of Wisconsin and Illinois. (Dkt. #262.) For the reasons that follow, as well as those set forth in the opinion and order granting preliminary approval of this settlement (dkt. #259), the court will give final approval of the settlement terms while reducing the fees sought.

### A. Final Approval

Based on today's fairness hearing at which only the parties' counsel appeared, as well as on their representations, the parties' written submissions, the lack of any objections or

requests to be excluded from members of the class, and the entire record in this case, the court concludes that the parties' settlement is fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure 23(e) and that the settlement represents a fair and reasonable resolution of a bona fide dispute over FLSA claims. The method used to calculate each plaintiff's share of the settlement fund also appears to reflect a fair and reasonable approximation of the relative value of his or her claim, making the result substantially beneficial to plaintiffs. The modest enhancement payments of $500 each to the initial named plaintiffs in this litigation is eminently reaosnable, as is similar compensation to the named plaintiff in the companion case *Colson v. Total Security Management Services, Inc.*, 13-cv-539, which this settlement also resolves.

### B. Attorney's Fees

As for plaintiff's motion for attorney's fees and costs (dkt. #246), the court has reviewed plaintiffs' materials, including: the declaration of William E. Parsons (dkt. #248); the attached summary of fees and costs (dkt. #248-1); and declarations from Timothy Selander and Eric Haag, third-party attorneys familiar with class and collective wage and hour matters in Wisconsin (dkt. ##249, 250). Plaintiffs seek an award of $90,000 in total, which is significantly below the lodestar calculation of $225,686.75 in fees and $9,538.07 in costs incurred up to preliminary approval.[1]

While no objections to those fees have been filed and defendants have not opposed the fee petition,[2] the court has an independent duty to review counsel's request and,

---

[1] After mailing, conferring with class members, and briefing on preliminary approval, final approval and fees, plaintiffs represent the fees actually incurred, if billed hourly, have risen to $238,088.65.
[2] Defendants did file a purported brief in opposition (dkt. #254), but they do not in fact object to the fees; they object only to plaintiffs' use of the term "prevailing party" and reiterate that defendants maintain they have not engaged in any unlawful conduct.

notwithstanding evidence of substantially greater investment in time, is troubled by the extraordinarily high percentage of the settlement fund that plaintiffs' counsel seeks here: essentially $90,000 out of $150,000, or 60%. This is almost twice the 33⅓% called for in counsel's contingent fee agreement signed up front, which is the amount provided for in the event of a pretrial award, and it is half again as much as the 40% of any gross settlement or judgment provided for had the matter proceeded to trial. (*See* William E. Parsons Supp. Decl. Ex. A (dkt. #251-1) 1.)

Certainly, plaintiffs' counsel has expended considerable time on this litigation, which lasted through fully-briefed motions for FLSA conditional certification and Rule 23 certification; significant discovery, including 16 depositions and more than 28,000 pages of documents produced by defendants; multiple, extensive settlement discussions; and partially briefed motions for summary judgment and decertification. Plaintiffs' hourly rates also appear reasonable in light of market rates and the evidence they have submitted, and their hours expended are well-documented. They have also achieved an extremely positive result for the class and collective action members, who will likely be receiving reimbursement for trainings attended that equals or exceeds the actual back wages allegedly owed for trainings.[3]

However, plaintiffs' counsel took on this litigation understanding that there are inherent risks in representing plaintiffs on a contingency basis and that this court would ultimately determine an appropriate fee award. Even after the significant risks of an adverse result at trial, counsel contracted to receive 40% of the gross award, not 60%, and this case

---

[3] In the brief on preliminary settlement approval, plaintiffs represented that, assuming 100% participation in the settlement and no reduction in the petition for fees and costs, the fund permitted payment of 95% of back wages allegedly owed. During the fairness hearing, plaintiffs' counsel was able to offer an updated figure of 97%, assuming a full fee award of $90,000. Any amounts not claimed and any amounts deducted from the fee award revert to the participating settlement class members, per the terms of the settlement agreement.

did not advance to trial. Factoring in both the anchoring impact of the contingency agreement and the substantially higher lodestar amount, the court finds an award of 50% of the total settlement award, plus costs, to be a reasonable fee award.

Plaintiffs have since filed an updated bill of costs per the court's request, in which they represent they have accrued $9,647.13 in costs. Plaintiffs' counsel is, therefore, hereby awarded their costs as well as $75,000 in reasonable attorney's fees, for a total award of $84,647.13.

ORDER

IT IS ORDERED that:

1) The parties' joint motion for final approval of the settlement agreement (dkt. #262) is GRANTED and the parties are directed to carry out its terms and provisions;

2) the enhancement payments of $500.00 to each of Raychelle Freeman, Bobby Dean Sr., Anthony Bond and Jessica Colson are APPROVED;

3) class counsel's petition for costs and attorneys' fees (dkt. #246) is MODIFIED per the opinion above and GRANTED AS MODIFIED;

4) class counsel's updated motion for costs (dkt. #268) is GRANTED;

5) settlement payments described in Exhibit A to the unopposed motion for final approval of settlement agreement (dkt. #264-1) are APPROVED; and

6) this action is dismissed, the court expressly retains jurisdiction to enforce the terms of settlement and the clerk of the court is directed to close this case subject to reopening upon good cause shown.

Entered this 29th day of September, 2014.

BY THE COURT:

WILLIAM M. CONLEY
District Judge

4